ACCEPTED
05-15-00459-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
5/19/2015 9:10:21 AM
LISA MATZ
CLERK

NO. 05-15-00459-CV

IN THE COURT OF APPEALS FOR THE
FIFTH SUPREME JUDICIAL DISTRICT OF TEXAS
AT DALLAS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
5/19/2015 9:10:21 AM
LISA MATZ
Clerk

Richard K. Archer, Sr., an individual, The Richard K.
Archer Profit Sharing Trust, The Richard K. Archer
Pension and Profit Sharing Plan, the Richard K.
Archer Keogh, and the Richard K. Archer IRA,

APPELLANTS

VS.

Bobby Tunnell, an individual

APPELLEE

APPEALED FROM THE 298th JUDICIAL DISTRICT COURT OF
DALLAS COUNTY, TEXAS
[State Court #DC-12-08161-M]

RESPONSE OF THE ARCHER APPELLANTS IN OPPOSITION TO MOTION TO
DISMISS FOR LACK OF JURISDICTION AND MOTION FOR SANCTIONS OF
APPELLEES

TO THE HONORABLE COURT OF APPEALS FOR THE FIFTH DISTRICT OF
TEXAS SITTING IN DALLAS:

Come Now, Appellants Richard K. Archer, Sr., an individual, and representative of The

Richard K. Archer Profit Sharing Trust, The Richard K. Archer Pension and Profit Sharing Plan,

the Richard K. Archer Keogh, and the Richard K. Archer IRA, and Ruth E. Archer, and file this

their Response of the Archer Appellants In Opposition to Motion to Dismiss For Lack of

Jurisdiction and Motion for Sanctions of Appellees (erroneously denominated as Appellant in the

first paragraph of Appellees Motion) and would show the Court the following:

Page 1

I.	The Archer Appellants respond and clarify Appellee's rendition of the case background because it is misleading and a distortion of the true facts in Appellant (sic) Tunnells favor to such an extent as to be a total mischaracterization of what actually took place.

In addressing the petition for writ of mandamus filed by Richard K. Archer, Sr., et al, Appellee suggests Archer waited until the week before the scheduled trial setting to do so. Appellee states the Archer Motion to Dismiss had not been set for hearing before trial. Although true it was not because a setting had not been requested as suggested by the Appellee. The request for a setting was made and the Court Clerk advised that the Motion would not be set before trial because there was not time available (see affidavit of Jonathan Bearrie, attached hereto as Exhibit "A"). (Tr. P.11). Likewise, Jonathan Bearrie appeared at the pre-trial on the week before January 12, 2015, to urge the motion at the pretrial conference - see Exhibit 7-A to Appellees Motion which specifies "Pretrial Conference - 1 week before trial." When counsel appeared at the pretrial to urge the Motion to Dismiss he was advised nothing was set and the Motion would be not be heard. Accordingly, Archer Appellants filed their Petition for Writ of Mandamus seeking a ruling on their Motion to Dismiss before trial to avoid an argument of waiver. The trial court denied said motion. That matter did not delay the trial, as asserted by Appellee, the trial was simply not reached that trial week – another false implication suggested by Tunnell's counsel. The Petition for Writ of Mandamus simply sought to have the trial court rule one way or the other since the Archer appellants could not get a setting before trial to hear said motion to avoid any waiver of that motion.

The Appellee implies that the Archer Appellants were dilatory in getting the Motion to Dismiss set for hearing following the resetting of the trial date due to not being reached in

January by asserting that the motion was set just days before the trial was scheduled – yet another distortion.  In view of the prior problems in getting a setting due to the Court's busy schedule , the Archer Appellees obtained two dates for the hearing and were advised those two dates were the only two available (see Bearrie affidavit) and when the earlier setting of the two was requested the Appellees counsel – Dean Boyd – advised he could not do it on that date because he would be on vacation, see Boyd letter attached as Exhibit "B" hereto.  Again, the Appellees implication the Archer Appellants waited until the last moment to schedule a hearing is disingenuous and simply false.  The vicissitudes of the trial courts docket are something over which Appellants have no control and to suggest they planned these delays is simply false.

Until the Supreme Court changed directions on May 1, 2015, in *Ross v. St. Luke's Episcopal Hospital*, the law was clear that Appellants Archer were entitled to have the case dismissed for lack of an expert report pursuant to *West Oaks Hospital, LP v. Williams, supra*. Appellants Archer was through counsel pursuing their rights as enunciated  in *West Oaks Hospital*.  To do anything less would have been malpractice at the time.

At page 5 of Appellee's Motion the suggestion is made by Leighton Durham that he sent a letter to Appellants counsel as a matter of professional courtesy "requesting dismissal of the case."  Counsel did send such a letter but it was anything but a courtesy.  The letter challenged Appellants counsel's ethics, was sprinkled with snide remarks and demanded dismissal on threat of sanctions (see Appellants "Status Report" filed May 7th, 2015).

At p.6 of the Motion, Leighton Durham claims to have sent a second letter to Philip R. Russ demanding the appeal be dismissed.  Such a statement is another falsehood by Mr. Durham. No such letter has been received by this office to date.  The first time the purported letter was

seen by Appellants office was as the exhibit to Appellee's motion.

**Motion to Dismiss:**

Appellants move the Court to affirm the Trial Court's denial of the Motion to Dismiss rather then dismissal for want of jurisdiction. This request is supported by the Supreme Court's ruling in *Ross*, supra.

**Motion for Sanctions:**

Appellants' counsel has not "repeatedly demonstrated a willingness to pursue patently frivolous arguments in an obvious effort to unnecessarily delay trial and increase the cost of litigation." Such a statement is another falsehood in an effort by Mr. Durham to falsely cast the implication of delay on appellants counsel. Appellants did not wait until the eve of trial to seek a ruling on the motions to dismiss – indeed, that was one of only two times the Court would schedule the motion, the earlier setting being ruled out by Mr. Boyd's vacation plans. (See Bearrie affidavit hereto attached and Dean Boyd February 18, 2015 vacation letter, Exhibit "B" hereto).

It is one thing to characterize the facts in the light most favorable to one's client, it is entirely a different matter to cast the facts to give a totally false impression of what actually occurred. Mr. Durham has done that in an apparent effort to bootstrap his client into a position to claim sanctions and somehow gain an unfair advantage. This Court should not countenance such behavior.

The balance of the Appellee's argument at p.9 of the Appellee's Motion the Appellants will not raise to dignity of a response.

Appellees position is little more than an assertion that the Archer Appellants are not

entitled to representation and if they assert their rights as set forth in *West Oaks*, supra, they should be sanctioned. Such a position should not be countenamed by this Court.

Wherefore, premises considered Appellants/Defendants request the Appellees' Motion be denied.

Respectfully Submitted,

Jonathan J Bearrie, Esq.
SBN 24034990
The Littlefield Building
106 E. Sixth Street, 9th Floor
Austin, Texas 78701
Tel. 512-938-8862 / 212-203-0795
bearrie@gmail.com

-and-

Philip R. Russ
LAW OFFICES OF PHILIP R. RUSS
2700 S. Western, Suite 1200
Amarillo, Texas 79109
(Tel.) 806-358-9293 / (Fax) 806-385-9296
philiprruss@russlawfirm.com

BY: */s/ Philip R. Russ*
Philip R. Russ, SBN: 17406000

**CERTIFICATE OF SERVICE**

This certifies that on the 19th day May, 2015, I electronically filed the forgoing Appellants' Brief with the Clerk of the 5th Court of Appeals, by using the CM/ECF system which will send notice of electronic filing and a courtesy copy to the opposing council to the following email addresses: dean@deanboyd.com, durham@kdplawfirm.com

BY: */s/ Philip R. Russ*
Philip R. Russ, SBN: 17406000

**ATTORNEYS FOR APPELLANTS**

# EXHIBIT "A"

CAUSE NO. DC-12-08161-M

| | | |
|---|---|---|
| BOBBY TUNNELL | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| VS. | § | |
| | § | |
| RACHEL ANDREW, RUTHIE ANDREW | § | |
| GRANT, RICHARD ARCHER, ARCHER | § | |
| FARMS, LLC, DONNIE TRAMMELL, | § | |
| RICHARD K. ARCHER, Individually and as | § | |
| Trustee of the RICHARD K. ARCHER PROFIT | § | |
| SHARING TRUST, RICHARD K. ARCHER, | § | |
| Individually and as Representative and/or Trustee | § | |
| of the RICHARD K. ARCHER PENSION PLAN, | § | |
| RICHARD K. ARCHER, Individually and as | § | DALLAS COUNTY, TEXAS |
| Representative of the RICHARD K. ARCHER | § | |
| KEOGH, RICHARD K. ARCHER, Individually | § | |
| and as Representative of the RICHARD K. | § | |
| ARCHER IRA, A Business Entity Known as | § | |
| REBA CATTLE, LLC, RUTH E. ARCHER, | § | |
| RICHARD K. ARCHER, Individually and as | § | |
| Representative and/or Trustee of the RICHARD | § | |
| K. ARCHER PROFIT SHARING PLAN, and | § | |
| RICHARD K. ARCHER, Individually and as | § | |
| Trustee of the RICHARD K. ARCHER M.D.P.A. | § | |
| PROFIT SHARING PLAN AND TRUST, | § | 298th JUDICIAL DISTRICT |
| | | |
| Defendants. | | |

## AFFIDAVIT OF JONATHAN BEARRIE

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF POTTER** | § |

BEFORE ME, the undersigned authority personally appeared JONATHAN J. BEARRIE, who being by me duly sworn, deposed as follows:

1. My name is JONATHAN J. BEARRIE, I am over the age of twenty-one (21) years, I have never been convicted of a crime and I am duly competent in all respects to make

this affidavit. I am one of the attorneys in this case, my state bar license # is 24034990. I have personal knowledge of all the facts and circumstances set forth in this affidavit and they are true and correct,

2. I called the clerk's of the 298th District Court in an effort to schedule the Motion to Dismiss for Failure to File and Expert Report pursuant to §74.351 Texas Medical Healthcare act in the fall of 2014 shortly after our motion was filed on behalf of Richard K. Archer, Sr., M.D. I was advised by the Court's staff that since the trial setting for the Tunnell v. Archer case was in two (2) months there was no time to schedule the hearing that was available before the trial setting of January 12, 2015. The case was number four on the Court's docket that trial week and was reset for trial on the Court's April 13, 2015 docket. We were number four for trial that week and were not reached.

3. Defendant Archers' Motion to Dismiss had not been heard prior to the last setting. I called the Court's staff to request the earliest setting for said Motion and was given two dates, either March 27, 2015 or April 10, 2015, as the only dates available. Initially I scheduled the hearing for the 27th day of March, 2015. When I advised Dean Boyd, Esq., of this setting date and time he responded by letter stating he would be on vacation that date. Accordingly the hearing was set Friday, April 10, 2015, preceding the trial week. I was advised by the court's staff that these were the only two dates available.

4. The setting for the hearing on the Archer's Motion to Dismiss was not scheduled at the last minute before trial as implied by Tunnell, it was scheduled pursuant to the Court Clerk's instruction that only two dates were available and the earlier date was not available due

to Dean Boyd's vacation schedule, see Boyd letter dated February 18, 2015.

Further affiant sayeth naught.

Dated and signed this 19ᵗʰ day of May 2015

_____
JONATHAN BEARRIE

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this 19ᵗʰ day of May 2015.

_____
NOTARY PUBLIC

MONICA PENA
Notary Public, State of Texas
My Commission Expires
February 21, 2017

# EXHIBIT "B"



**ATTORNEY**
# DEAN BOYD
— THE STRONG ARM —

(806) 242-3333
2505 Lakeview Dr. Ste. 100
Amarillo, TX 79109
www.deanboyd.com

February 18, 2015

Felicia Pitre
DALLAS COUNTY DISTRICT CLERK
600 Commerce
Dallas, Texas 75202

   Re: Cause No. DC-12-08161; *Bobby Tunnell v. Richard Archer et al.*; In the 298th District Court of Dallas County, Texas

Dear Ms. Pitre:

   Please be advised that the undersigned attorney wishes to designate the following schedule as vacation dates for calendar year 2011:

     March 27, 2015 to April 8, 2015
     July 17, 2015 - August 2, 2015

   Please accept this letter as a formal designation that is intended to comply with all Local Rules of Court regulating vacation-week designations. To the extent that your county may refuse to recognize such designation, I would ask that all counsel of record refrain from setting any hearings or trials during the referenced weeks.

   If you have any questions or concerns, please do not hesitate to contact me. Thank you for your courtesies.

         Sincerely,

         Dean Boyd

# (806) 242-3333